FILED
U.S. DISTRICT COURT

2009 MAR 25 A 8:48

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL LEE MAEZ<br><br>Plaintiff,<br><br>v.<br><br>FNU DRAKE et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:07-CV-402 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Samuel Alba |

Plaintiff, Michael Lee Maez, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (2009). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C.A. § 1915 (2008). Before the Court is Defendants' motion for summary judgment.

### ANALYSIS

#### I. Background

Plaintiff's Complaint, construed liberally, alleges a single claim of cruel and unusual punishment under the Eighth Amendment. Specifically, Plaintiff alleges that Defendant Drake, a Sergeant at the Utah State Prison, verbally assaulted Plaintiff and threatened his life. Plaintiff also alleges that Defendant Sparks failed to properly supervise Drake. On July 1, 2008, the

Court directed service of process and instructed Defendants to file a *Martinez* Report addressing whether Plaintiff fully exhausted administrative remedies regarding his present claims. In conjunction with their *Martinez* Report, Defendants filed the present motion for summary judgment asserting that Plaintiff's claims are barred under the Prisoner Litigation Reform Act (PLRA) for failure to exhaust. See 42 U.S.C.A. § 1997e (West 2009). To date, Plaintiff has not responded to Defendants' Motion for Summary Judgment.

## II. Summary Judgment Analysis

### A. Exhaustion Requirement

The PLRA requires inmates to exhaust all available administrative remedies before filing suit in federal court. Specifically, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See 42 U.S.C.A. § 1997e(a) (West 2009). Failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. See *Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919 (2007).

The Supreme Court has held that the PLRA's exhaustion

2

requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002). Moreover, the Supreme Court has refused to "read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." Booth v. Churner, 532 U.S. 731, 741, n. 6, 121 S. Ct. 1819, 1825 (2001). And, the Tenth Circuit has held that "[t]he statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003).

Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *before* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741). However, it is well recognized that "a remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)." Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001); see also Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002). Thus, "inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies."

*Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002).

### B. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Cellotex v. Catrett*, 477 U.S. 317, 325 (1986). This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D. Utah 1998)

Once the moving party satisfies its initial burden "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* Rule 56(e) requires a nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). The specific facts put forth by the nonmovant "must

4

be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Mere allegations and references to the pleadings will not suffice. However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

The Tenth Circuit has recognized that, given the fact sensitive nature of exhaustion determinations, "a motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust is appropriate." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), *abrogated on other grounds by Jones*, 549 U.S. 199. When deciding such a limited motion for summary judgement the court applies the same procedures used for other summary judgment determinations. Thus, the moving party bears the initial burden of showing that there is an absence of evidence to support the plaintiff's contention that he exhausted all available administrative remedies. Once the moving party has made such a showing, the burden then shifts to the nonmoving party to produce admissible evidence showing that genuine issues of material fact exist precluding summary judgment on the exhaustion question.

5

### C. Defendants' Summary Judgment Motion

Defendants' motion for summary judgment asserts that USP records show Plaintiff failed to exhaust his present claims in the prison's grievance process before filing this suit. Under USP policies inmates must complete a three-level grievance process in order to fully exhaust prison administrative remedies. All inmate grievances must be submitted in writing and prison officials are required to issue written responses within a specified period of time. If an inmate is not satisfied with the response at any level, or if a timely response is not received, the inmate may immediately appeal in writing to the next level. When the Level Three grievance is denied the inmate is informed that no further administrative review is available and instructed to seek a judicial remedy if still unsatisfied.

According to the Declaration of Billie Casper, Grievance Coordinator for the Utah Department of Corrections, "[Plaintiff] has not filed any grievances regarding either Sergeant Drake or Lieutenant Sparks." (Defs.' Mem. Supp. Mot. Summ. J. Ex. 1 at 2.) The Court finds Casper's sworn declaration sufficient to satisfy Defendants' initial burden on summary judgment of demonstrating that there is no evidence showing that Plaintiff exhausted available administrative remedies on his claims. Thus,

the burden now rests with Plaintiff to produce admissible evidence showing that there is a genuine issue of material fact remaining on this issue.

### D. Plaintiff's Failure to Respond to Summary Judgment Motion

In its July 1, 2008, Order directing Defendants to file a *Martinez* Report the Court explicitly notified Plaintiff that if Defendants moved for summary judgment, Plaintiff could not rest upon the mere allegations in his pleadings. Rather, as explained in Rule 56(e)(2) of the Federal Rules of Civil Procedure:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. *If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.*

Fed. R. Civ. P. 56(e)(2) (Emphasis added).

To survive summary judgment on the exhaustion issue Plaintiff was required to produce evidence that would lead a rational trier of fact to conclude either, that Plaintiff completed all three levels of the prison's administrative grievance process, or, that he was prevented from doing so. To date, Plaintiff has not filed any response to Defendants' motion,

nor has Plaintiff offered any explanation for his failure to respond. Thus, Plaintiff has clearly failed to meet his summary judgment burden and Defendants's motion must be granted.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**, and this case is **CLOSED**.

Dated this 24th day of March, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge